WelüON, J.,
delivered the opinion of the court:
The ship Amazon, Israel Trask, master, sailed on a commercial voyage on or about the 17th of June, 1800, from Nantasket Roads, the outer harbor of Boston, bound for Cadiz or Malaga. While peacefully pursuing said voyage she was seized on the high seas on or about the 6th day of July, 1800, by the French privateer La Mouche and carried into the port *391 of Corunna, in Spain, and vessel and cargo libeled before the council of prizes at Paris, where, on the 30th day of August, 1801, it was decreed that vessel and cargo be restored to Capt. Israel Trask in the condition in which they are, and in case of a sale the proceeds to be given up, with a deduction of all expenses lawfully incurred.
In pursuance of above decree the Amazon was restored to Cáptain Trask September 21, 1801, after a detention of fourteen months and eighteen days.
This case presents the same question presented in the case of the Rose, Chase, master, decided at the present term of the court, to wit: The right of the claimants to recover when it is shown that the captured vessel resisted the exercise of search on the part of the French privateer capturing the vessel.
In that case it was held, as a conclusion of law, that there was no liability upon the part of the French Government, and hence none on the part of the American Government under the obligation imposed upon it by the convention of September 30,1800. While in the case of the Rose there was a more determined resistance, greater loss of life, and injury to the persons engaged than in this case, that difference does not change the law as applicable to this proceeding.
In this case, as shown by the statements of the protest and decree, the Amazon did not stop and exhibit her papers to the' privateer; there was a very substantial and determined resistance to the exercise of the right of search, and it was only by the superior force of the capturing ship that the result of capture was accomplished.
For the reasons above stated the court decides, as a conclusion of law, that the seizure and condemnation were lawful; that the owners and insurers had no valid claim of indemnity therefor upon the French Government prior to the ratification of the convention between the United States and the French Republic concluded on the 30th day of September, 1800; that the claims were not relinquished to France by the Government of the United States by said treaty in part consideration of the relinquishment of certain national claims of France against the United States; and that the claimants are not entitled to recover from the United States.
The facts in detail will be reported, with a copy of this opinion, to Congress, in accordance with the statute.